

FILED
JUL 30 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MONROE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE , *et al.*,<br><br>　　　　　　Defendants. | Case: 1:21−mc−00102<br>Assigned To : Unassigned<br>Assign. Date : 7/30/2021<br>Description: Misc.<br><br>Civil Action No.<br><br>Chief Judge Beryl A. Howell |

**ORDER**

Pending before the Court is plaintiff's *pro se* motion to seal "information in the complaint," Pl.'s Mot. Seal ("Pl.'s Mot."), in her instant Freedom of Information Act ("FOIA") action. Compl. at 4. Plaintiff indicates that this claim is brought on behalf of another person, who is an "incapacitated vulnerable adult . . . who does not possess legal capacity to file complaints or petitions on his own behalf." Pl.'s Mot. Temporary Restraining Order at 1. Plaintiff's motion is denied.[1]

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). This presumption is reflected in Federal Rule of Civil Procedure 10, which requires that "[t]he title of the complaint must name all the parties . . . ." FED. R. CIV. P. 10(a). Ensuring that the names of litigants are known to the public promotes a

---

[1] Under Local Civil Rule 40.7(f), the Chief Judge shall "hear and determine . . . motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint." LCvR 40.7(f). Plaintiff's other requests—for a fee waiver and to file electronically—will not be addressed here and may be raised again if plaintiff choses to refile the complaint under her full name.

"presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). Accordingly, "parties to a lawsuit must typically openly identify themselves in their pleadings." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463–64 (D.C. Cir. 1995) (per curiam) (internal quotation marks and citations omitted).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure describe circumstances where filings may be redacted and where access to public filings may be limited. FED. R. CIV. P. 5.2. Parties may redact portions of certain personally identifiable information, FED. R. CIV. P. 5.2(a), and remote electronic access to the case files in Social Security benefits appeals and many immigration cases are limited unless the court orders otherwise, FED. R. CIV. P. 5.2(c). The court may also, for good cause, "require redaction of additional information." FED R. CIV. P. 5.2(e)(1). Further, "[t]he court may order that a filing be made under seal without redaction," but also "order the person who made the filing to file a redacted version for the public record." FED. R. CIV. P. 5.2(d).

The six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), courts should consider in determining whether the presumption in favor of open access may be overcome include:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)); *see also Leopold v. United States*, 964 F.3d 1121, 1129–30 (D.C. Cir. 2020) (explaining that unless "Congress has spoken directly to the issue at hand," the "common-law standard enshrined in the *Hubbard* balancing test" governs "[]sealing decisions" (internal quotation marks omitted) (quoting *Metlife*, 865 F.3d at 669)). In "motions to seal or unseal judicial records, the *Hubbard* test has consistently served as our lodestar because it ensures that we fully account for the various public and private interests at stake." *Metlife*, 865 F.3d at 666.

Plaintiff requests that the Court "seal information in the complaint" "[d]ue to the severe nature and context of information involved in its content and due to the nature of defendants' involved in the complaint and in efforts to protect the privacy and confidentiality of the plaintiff." Pl.'s Mot. Plaintiff does not, however, identify any legitimate privacy interest that could potentially overcome the "customary and constitutionally-embedded presumption of openness in judicial proceedings," *Microsoft Corp.*, 56 F.3d at 1464 (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)), and instead makes only a vague and conclusory reference to the need to protect "privacy and confidentiality," Pl.'s Mot. Moreover, plaintiff does not even identity what "information in the complaint," *id.*, she seeks to seal.

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Seal is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed not to file the complaint and attached exhibits until petitioner submits notice that the motion to seal is withdrawn and the plaintiff seeks to proceed with filing the complaint and attached exhibits on the public docket.

**SO ORDERED.**

Date: July 30, 2021

_____
BERYL A. HOWELL
Chief Judge